IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Sharon R. Wazney, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 3:19-1256-HMH-KFM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Robert W. Wazney, #363679, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] The Defendant, proceeding pro se, filed a notice of removal in an effort to remove an action for divorce to federal court that was initially filed in Sumter County Family Court and then appealed to the South Carolina Court of Appeals. In his Report and Recommendation, Magistrate Judge McDonald recommends remanding this case for lack of subject matter jurisdiction.

The Defendant filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of the Defendant's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his arguments. However, the court was able to glean one specific objection. The Defendant argues that federal subject matter jurisdiction exists because the state court judge in his divorce proceeding discriminated against him based on his race. (Objs. 5, ECF No. 19.) Divorce proceedings are within the province of the state courts. Ex Parte Burrus, 136 U.S. 586, 593-94 (1890) (noting that the "whole subject of the domestic relations of husband and wife . . . belongs to the laws of the states, and not to the laws of the United States"); Marshall v. Marshall, 547 U.S. 293, 308 (2006) ("[D]ivorce, alimony, and child custody decrees remain outside federal jurisdictional bounds[.]" (internal quotation marks omitted)). Moreover, "[i]t is a well-settled principle that a plaintiff may not seek a reversal in federal court of a state court judgment simply by casting his complaint in the form of a civil rights action." Reed v. Terrell, 759 F.2d 472, 473 (5th Cir. 1985). Thus, the federal court lacks subject matter jurisdiction over this case under 28 U.S.C. § 1331.

Moreover, the Defendant has already previously attempted to remove this same action, and the case was remanded to state court for lack of subject matter jurisdiction. Wazney v. Wazney, C/A No. 3:17-cv-2873-HMH-KFM, 2018 WL 1515281 (D.S.C. Mar. 9, 2018), Report and Recommendation adopted by 2018 WL 1491691 (D.S.C. Mar. 26, 2018), appeal dismissed,

735 F. App'x 835 (4th Cir. Aug. 28, 2018) (unpublished).[2]  Based on the foregoing, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge McDonald's Report and Recommendation and incorporates it herein by reference.

It is therefore

**ORDERED** that this case is remanded to the Sumter County Family Court for lack of subject matter jurisdiction, and it is designated a "strike" pursuant to 28 U.S.C. § 1915(g).  It is further

**ORDERED** that Defendant's pro se motion for extension of time to file objections, docket number 18, is denied as moot.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
June 12, 2019

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that they have the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] This court may take judicial notice of the prior case.  Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").